# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VIAVI SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ZHEJIANG CRYSTAL-OPTECH CO LTD., <br><br> Defendant. | Case No. 2:21-cv-00378-JRG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. LEGAL STANDARD........................................................................................................ 3

IV. ANALYSIS........................................................................................................................ 5

      A. Viavi's Amended Complaint Sufficiently Pleads Induced Infringement Sufficient to Support Specific Jurisdiction ....................................... 5

      B. By Placing Accused Filters into the Stream of Commerce, Crystal is Subject to Personal Jurisdiction in this Court ...................................................... 8

      C. Exercise of Jurisdiction in the Court is Fair and Reasonable .............................. 11

      D. Alternatively, This Court Has Personal Jurisdiction Under Rule 4(k)(2) .................................................................................................................. 12

V. CONCLUSION................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AGIS Software Dev. LLC v. HTC Corp.*,
  No. 2:17-CV-00514-JRG, 2018 U.S. Dist. LEXIS 167029
  (E.D. Tex. Sep. 28, 2018) ..................................................................................................3, 4

*Alpine View Co. v. Atlas Copco AB*,
  205 F.3d 208 (5th Cir. 2000) .....................................................................................................3

*Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*,
  480 U.S. 102 (1987)..............................................................................................................4, 8

*Aten Int'l Co. v. Emine Tech. Co.*,
  261 F.R.D. 112 (E.D. Tex. 2009)..........................................................................................3, 11

*Autobytel, Inc. v. InsWeb Corp.*,
  No. 2:07-cv-524, 2009 U.S. Dist. LEXIS 31287 (E.D. Tex. Mar. 31, 2009) ............................3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994)................................................................................4, 8, 10, 11

*Bluestone Innovations Tex., L.L.C. v. Formosa Epitaxy Inc.*,
  822 F. Supp. 2d 657 (E.D. Tex. 2011).....................................................................................12

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006).................................................................................................4

*Celgard, LLC v. SK Innovation Co.*,
  792 F.3d 1373 (Fed. Cir. 2015)...............................................................................................11

*Commil USA, LLC v. Cisco Sys.*,
  575 U.S. 632 (2015)................................................................................................ 5semco

*Commonwealth Sci. & Indus. Research Org. v. Mediatek Inc.*,
  No. 6:12-CV-578, 2013 U.S. Dist. LEXIS 199510 (E.D. Tex. Sep. 12, 2013).................10, 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  769 F.3d 1371 (Fed. Cir. 2014)............................................................................................7, 8

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...................................................................................................................4

*Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*,
  No. 2:05-cv-185, 2005 U.S. Dist. LEXIS 36211 (E.D. Tex. Dec. 5, 2005) ............................12

*Largan Precision Co. v. Genius Elec. Optical Co.*,
    646 Fed. Appx. 946 (Fed. Cir. 2016) ................................................................................ 7

*Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*,
    No. 4:19-cv-696, 2020 U.S. Dist. LEXIS 18697 (E.D. Tex. Feb. 5, 2020) ..................... *passim*

*Semcon IP Inc. v. TCT Mobile Int'l Ltd.*,
    No. 2:18-CV-00194-JRG, 2019 U.S. Dist. LEXIS 110018
    (E.D. Tex. July 1, 2019) .................................................................................................. 12

*Silent Drive, Inc. v. Strong Indus.*,
    326 F.3d 1194 (Fed. Cir. 2003) ........................................................................................ 3

*Touchcom, Inc. v. Bereskin & Parr*,
    574 F.3d 1403 (Fed. Cir. 2009) ...................................................................................... 12

*Ultravision Techs., LLC v. Holophane Eur. Ltd.*,
    No. 2:19-cv-00291-JRG-RSP, 2020 U.S. Dist. LEXIS 112148
    (E.D. Tex. Apr. 23, 2020) ................................................................................................ 8

*Uniloc USA, Inc. v. Samsung Elecs. Am.*,
    No. 2:16-cv-642-JRG, 2017 U.S. Dist. LEXIS 234910
    (E.D. Tex. May 15, 2017) ................................................................................................ 6

*Uniloc USA, Inc. v. Avaya Inc.*,
    No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826 (E.D. Tex. May 13,
    2016) ................................................................................................................................ 7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ..................................................................................................... 4, 8

**I.      INTRODUCTION**

This Court has personal jurisdiction over Defendant Zhejiang Crystal-Optech Co Ltd. ("Crystal") because Defendant Crystal places accused optical filters into the established distribution chain of Samsung mobile devices, with knowledge or a reasonable foreseeability that the accused filters are incorporated into accused products that are distributed for sale nationwide, including in Texas. Under Federal Circuit precedent, this is sufficient to establish a *prima facie* case of jurisdiction over Defendant Crystal under the stream of commerce jurisprudence. Alternatively, to the extent the Court does not find personal jurisdiction under the stream of commerce theory in Texas, personal jurisdiction is proper over Defendant Crystal under Fed. R. Civ. P. 4(k)(2) because Plaintiff Viavi Solutions Inc's ("Viavi") claim arises under federal patent law, the exercise of jurisdiction comports with due process, and Defendant has not identified any other state in which Viavi may bring this suit against them. Defendant's Motion should thus be denied.

**II.     BACKGROUND**

Viavi is a pioneer and world leader in three-dimensional (3D) sensing technology, including the development of low angle shift ("LAS") optical filters. Viavi's innovation has led to many United States patents including asserted United States Patent Nos. 9,588,269, 10,222,526, and 11,131,794 (the "Asserted Patents"). Based in the United States, Viavi was the first company to offer commercial LAS optical filters for 3D sensing. And Viavi is the industry's leading supplier of these filters for high-end mobile phones and tablets, such as those manufactured by companies like Samsung Inc. ("Samsung").

Viavi became aware that Crystal also supplied LAS filters to Samsung and conducted an extensive pre-suit investigation including reverse engineering multiple Samsung phones to

identify infringing filters in the United States. At least as early as July 2021, Viavi notified Crystal that its optical filters for 3D motion sensing modules were infringing the Asserted Patents. Dkt. 24 at ¶ 23. Viavi also notified Crystal that it was knowingly selling its filters for incorporation into downstream products intended for the United States market. *Id*. After Crystal refused to cease infringement, Viavi filed this suit. *See* Dkt. 1.

As set forth in detail in Viavi's Amended Complaint and Infringement Contentions, Crystal designs, manufactures, and sells LAS optical filters "that employ hydrogenated silicon layers as a high refractive index layer ('Crystal Infringing Filter[s]')". Dkt. 24 at ¶ 10. The Crystal Infringing Filters are specifically designed and manufactured for incorporation into 3D motion sensing camera modules included in Samsung devices. *Id*. at ¶ 11. Crystal supplies the Crystal Infringing Filters to Samsung through one or more of its intermediary suppliers specifically for inclusion into lens assemblies that are subsequently incorporated into the 3D motion sensing camera modules. The Crystal Infringing Filters enable Samsung's Time of Flight ("ToF") technologies (e.g., DepthVision camera) in the Samsung Galaxy S20+ 5G, Galaxy Note10+ 5G, and Galaxy S20 Ultra 5G mobile phones. *Id*. at ¶ 11, 17-18. These Samsung mobile devices have been used, offered for sale, sold, and imported into the United States, including this District. *Id*. at ¶ 11; Ex. A. Indeed, a Samsung U.S. entity, Samsung Electronics America Inc., maintains several facilities in this District including in Plano, Richardson, and Frisco, Texas. Dkt. 24 at ¶ 30. The Samsung U.S. entity provides products and services to this District including mobile phones. *Id*.

As evidence of direct infringement, Viavi has purchased Samsung Galaxy S20+ 5G and Galaxy Note10+ 5G mobile phones in the United States and reverse engineered them. *Id*. at ¶ 12. The purchased devices include low angle shift optical filters that are believed to have been

manufactured by Crystal. *Id*. at ¶ 13. Around the time the Samsung Galaxy S20+ 5G and Galaxy Note10+ 5G mobile phones were released, commentators indicated that Viavi and Crystal were the main two companies in the world capable of providing narrow-band filters for ToF applications. *Id*. at ¶ 18; Dkt. Nos. 24-7, 24-8, 24-9.

### III.    LEGAL STANDARD

Personal jurisdiction in patent cases is governed by Federal Circuit law. *Largan Precision Co. v. Ability Opto-Elecs. Tech. Co.*, No. 4:19-cv-696, 2020 U.S. Dist. LEXIS 18697, at *14 (E.D. Tex. Feb. 5, 2020). On a motion to dismiss, a "plaintiff need[] only to make a *prima facie* showing that the defendant[ is] subject to personal jurisdiction." *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). Court must "resolve in [plaintiff's] favor, all conflicts between the facts contained in the parties' affidavits and other documentation." *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 118 (E.D. Tex. 2009) (*citing Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).

To determine whether a "court may exercise personal jurisdiction over an out-of-state defendant is a two-step analysis: (1) whether the state's long-arm statute permit[s] service of process, and whether (2) exercising jurisdiction over the defendant violate due process." *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-CV-00514-JRG, 2018 U.S. Dist. LEXIS 167029, at *5 (E.D. Tex. Sep. 28, 2018). Because the Texas long arm statute is coextensive with due process, "the two inquiries collapse into a single analysis of whether asserting jurisdiction comports with due process." *Id*. at *6. Due process is satisfied when "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Autobytel, Inc. v. InsWeb*

*Corp.*, No. 2:07-cv-524, 2009 U.S. Dist. LEXIS 31287, at *4 (E.D. Tex. Mar. 31, 2009) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

An independent basis for personal jurisdiction is the stream of commerce theory. In *World-Wide Volkswagen Corp. v. Woodson*, the Supreme Court held that "minimum contacts" exist where the defendant "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." 444 U.S. 286, 297-98 (1980). But "the Supreme Court split as to the precise application of the stream of commerce theory." *Largan v. Ability*, 2020 U.S. Dist. LEXIS 18697, at *13 (citing inter alia *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 112, 117 (1987)). Under the Justice Brennan's version of the stream of commerce theory in *Asahi*, "mere placement in the stream of commerce is sufficient" for specific jurisdiction." *Largan v. Ability*, 2020 U.S. Dist. LEXIS 18697, at *13. The Justice O'Connor' version in *Asahi* requires placement into the stream of commerce plus "something more." *Id*. at *14; see also *Asahi*, 480 U.S. at 111. The Federal Circuit adopted the stream of commerce theory in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). But the Federal Circuit and this District have not endorsed either the Brennan or O'Connor version of the stream of commerce theory over the other. *Id.* (citing *Asahi*, 480 U.S. at 112, 117); *AGIS*, 2018 U.S. Dist. LEXIS 167029, at *7.

Once the plaintiff makes a *prima facie* showing of minimum contacts, personal jurisdiction is appropriate unless the defendant can show that the case involves a "rare situation" where it "would be unfair or unreasonable to maintain suit in the forum." *AGIS*, 2018 U.S. Dist. LEXIS 167029, at *8; *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 n.3 (Fed. Cir. 2006).

## IV. ANALYSIS

### A. Viavi's Amended Complaint Sufficiently Pleads Induced Infringement Sufficient to Support Specific Jurisdiction

Crystal contends "the Amended Complaint does not sufficiently plead direct infringement in the United States. Nor does it adequately plead that Crystal possessed the 'specific intent to encourage another's infringement.'" Dkt. 27 (Crystal Motion) at 9. Crystal is wrong on both.

Viavi's Amended Complaint more than sufficiently alleges direct infringement by Samsung as well as mobile device users and retailers in the United States, including in this district. For example, the Amended Complaint alleges: "Samsung mobile phones and tablets having the Crystal Infringing Filters, e.g., the Samsung Galaxy S20+ 5G and Galaxy Note10+ 5G mobile phones, have been offered for sale and sold in the United States, thus demonstrating that at least Samsung directly infringes the Asserted Patents." Dkt. 24 at ¶ 13. The Complaint also alleges that "as Samsung's mobile phones and tablets are widely sold, there is also circumstantial evidence that other non-parties, e.g., users and retailers, have at least used, offered for sale, and/or sold these mobile phones and tablets in the United States. Thus, direct infringement by another needed to show indirect infringement exists." *Id.* at ¶ 14; *see also* ¶ 11 (describing "Samsung's significant sales of products including the Crystal Infringing Filter in the United States and in this District."); Ex. A; *Largan v. Ability*, 2020 U.S. Dist. LEXIS 18697, at *17-20 (Judge Mazzant considering exhibits from plaintiff filed with opposition to motion to dismiss).

With respect to induced infringement, a defendant is liable for "induced infringement . . . if the defendant knew of the patent and knew as well that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 640 (2015). Viavi's Amended Complaint clearly alleges that Crystal knew of the Asserted Patents and of its infringing

5

activities at least as early as July 2021. Dkt. 24 at ¶ 23. Indeed, Crystal is aware that it "sell[s] its filters for incorporation into downstream products intended for the U.S. market," such as 3D motion sensing modules included in Samsung mobile devices. *Id*. The Amended Complaint further alleges that Crystal has been "specifically designing, developing, manufacturing, and selling the Crystal Infringing Filter for incorporation into 3D motion sensing modules incorporated into downstream products, e.g., mobile phones and/or tablet devices offered by sale and sold by Samsung Electronics . . . into the United States, including this District." *Id*. at ¶ 11. And Crystal undertakes "these activities with knowledge or at least willful blindness to Samsung's significant sales of the products including the Crystal Infringing Filter in the United States and in this District." *Id*. Viavi's detailed pleadings exceed the pleading standards for inducement.

Crystal also suggests that the Amended Complaint does not demonstrate that the filters charted in the claim charts accompanying the Complaint were manufactured by Crystal. Dkt. 27 at 9. First, even without the claim charts, there is sufficient factual detail to explain the Crystal Infringing Filter and its characteristics to support each infringement claim. *See id*. at ¶ 36 (detailing how the Crystal Infringing Filter infringes at least claim 1 of the '269 patent); ¶ 43 (detailing how the Crystal Infringing Filter infringes at least claim 27 of the '526 patent); ¶ 49 (detailing how the Crystal Infringing Filter infringes at least claim 9 of the '794 patent). These statements alone are sufficient to support the infringement claims. *Uniloc USA, Inc. v. Samsung Elecs. Am.*, No. 2:16-cv-642-JRG, 2017 U.S. Dist. LEXIS 234910, at *15-16 (E.D. Tex. May 15, 2017) (rejecting argument that "complaint is deficient for failure to include claim charts . . . , as such detailed analysis is not required at the pleading stage.")

Second, the Amended Complaint cites evidence making it factually plausible that the infringing LAS optical filters in the charted Samsung mobile devices were, in fact, manufactured by Crystal as alleged.  As stated in the Amended Complaint, around the time the devices were released, multiple sources indicated that Viavi and Crystal were the main two companies in the world capable of providing narrow-band filters for ToF applications.  Dkt. Nos. 24 at ¶ 18, 24-7, 24-8, 24-9.  In addition, the Amended Complaint also cites evidence that appears to be produced from the Chinese government describing how Crystal has with respect to optical components "the supporting advantages of smartphone giants such as Huawei and Samsung [to] vigorously implement the 'leading customer follow strategy….'"  Dkt. 24-10.  Another article cited in the Complaint describes how "[Crystal] will benefit from…the growth of demand from Android," Dkt. 24 at ¶ 18, 24-8, referencing the operating platform of the allegedly infringing Samsung phones.  Finally, publicly-available evidence shows that Crystal sells and ships filters directly to a Samsung entity.  Dkt. 24 at ¶¶ 11, 13-15.  In sum, Crystal is attempting a strategy that has previously been rejected by this Court "to improperly elevate the pleading standard from plausibility to probability." *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *19 (E.D. Tex. May 13, 2016).

None of Defendant's cited cases help its effort here.  For example, *Largan Precision Co. v. Genius Elec. Optical Co.*, 646 Fed. Appx. 946, 948 (Fed. Cir. 2016) discusses what is needed to prove an inducement claim after fact and expert discovery, not what is needed to plead such a claim to survive a motion to dismiss as presented here.  Crystal's reliance on *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1380 (Fed. Cir. 2014) similarly fails.  In *Halo*, the Federal Circuit found no liability for direct infringement under 35 U.S.C. § 271(a) but upheld plaintiff's recovery of damages for products "delivered outside the United States but were ultimately

imported into the United States in finished end products based on a theory of inducement." 769 F.3d at 1380. Here, only inducement claims are at issue, and *Halo* thus inapplicable.

  **B. By Placing Accused Filters into the Stream of Commerce, Crystal is Subject to Personal Jurisdiction in this Court**

  There are minimum contacts between Crystal and this District under the less strict Brennan stream of commerce test because Crystal "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers" in this State. *Beverly Hills Fan*, 21 F.3d at 1566. Crystal's conduct also meets the stricter stream of commerce test. "[A]pplying the stricter stream of commerce test set forth in *Asahi* [by O'Connor] . . . 'the 'purposeful' element is satisfied by a showing that the defendant 'knew, or reasonably could have foreseen, that a termination point of the channel was'" Texas. *Ultravision Techs., LLC v. Holophane Eur. Ltd.*, No. 2:19-cv-00291-JRG-RSP, 2020 U.S. Dist. LEXIS 112148, at *9-10 (E.D. Tex. Apr. 23, 2020) (citing *Beverly Hills Fan*, 21 F.3d at 1564 (finding the exercise of personal jurisdiction proper despite there being "no evidence showing that defendants' shipments into [forum] were purposeful or knowing"). Indeed, "if the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the [defendant] to serve, directly or indirectly, the market for its product . . ., it is not unreasonable to subject it to suit." *Beverly Hills Fan*, 21 F.3d at 1566 (quoting *World-Wide Volkswagen*, 444 U.S. at 297).

  Here, Viavi's allegations meet the Brennan stream of commerce standard because, as set out in the Amended Complaint, Crystal places the Crystal Infringing Filters into the supply chain for the subject Samsung phones, and Crystal knew, or reasonably could have foreseen, that a termination point of the channel is the United States and this District. The Amended Complaint alleges that Crystal provides the Crystal Infringing Filters for incorporation in the 3D motion

8

sensing modules. Dkt. 24 at ¶ 11. The 3D motion sensing modules are then incorporated into camera assemblies, such as DepthVision or Time of Flight (ToF) camera assemblies, which are included in at least the Samsung devices identified in the Amended Complaint as being sold in the United States and this District. Dkt. 24 at ¶¶ 11-13, 17-19.

Crystal's declaration testimony and publicly available sources corroborate these facts. Crystal admits that it "sells its accused filters [] to lens module assemblers" in Asia. Dkt. 17-2. Crystal is a supplier for Samsung. Dkt. 24-10 at 2. Publicly-available shipping data indicates that Crystal sells and ships filters directly to a Samsung entity in Asia. Dkt. 24 at ¶¶ 11, 13-15. Crystal contends that the accused filters "cannot be *directly* incorporated" into Samsung devices, but Crystal does not deny that the accused filters are incorporated in Samsung devices as part of the 3D motion sensing modules. Dkt. 17-2 at ¶ 8 (emphasis added). The Amended Complaint thus presents *prima facie* evidence that Crystal places the Crystal Infringing Filters into the Samsung mobile device stream of commerce. Moreover, at this stage of the proceedings, any dispute over those well-pled facts must be resolved in Viavi's favor.

Crystal's purposeful conduct directed at the United States, including this District, also meets the stricter O'Connor stream of commerce test. The Amended Complaint demonstrates Crystal supplies the Crystal Infringing Filters into the supply chain "knowing Samsung (or one of its intermediary suppliers) would be importing these products into the United States and offering for sale and selling these products to consumers in the United States" and this District. Dkt. 24 at ¶ 16. Indeed, Crystal engineers work closely with Samsung by "dispatch[ing] R&D personnel to stay at the corporate headquarters" to, for example, support Samsung's needs "to embed TOF cameras" in their devices. Dkts. 24 at ¶ 19, 24-10 at 2. Crystal's "engineer[ing] team . . . has been in contact with the US smartphone production giants for a long time" meeting

9

live and communicating by video connections when (due to the pandemic) Crystal employees are unable to "go to the United States." Dkt. 24-10 at 2. Crystal's website also makes clear the company's focus on "Globalization" and "market development," internationally, including the United States. Dkt. Nos. 24 at ¶ 21, 24-13 at 4.

Crystal's United States subsidiary, Crystal Optoelectronics Co., Ltd., established in 2017 to "explore [] markets in North America," also evidences Crystal's efforts to expand its share of the United States market for LAS optical filters. Dkts. 24 at ¶ 21, 24-11 at 5. Crystal has filed at least one United States patent application related to the subject matter of this litigation, and Crystal cited a patent from the family of Viavi's Asserted Patents during prosecution of that United States application. Dkts. 24 at ¶ 22, 24-14. Crystal is aware of "Samsung's significant sales of the products including the Crystal Infringing Filter in the United States." Dkt. 24 at ¶ 11. And "several counties within the Eastern District form portions of two of the ten largest metropolitan areas in the United States. Thus, [Crystal] cannot target the U.S. wireless market without targeting the Eastern District of Texas." *Commonwealth Sci. & Indus. Research Org. v. Mediatek Inc.*, No. 6:12-CV-578, 2013 U.S. Dist. LEXIS 199510, at *17 (E.D. Tex. Sep. 12, 2013). Based on the above, Crystal surely "[knows] or reasonably could have foreseen, that a termination point of the channel" for Samsung mobile devices is Texas. *Beverly Hills Fan*, 21 F.3d at 1564.

Ultimately, this case aligns with *Largan v. Ability*, 2020 U.S. Dist. LEXIS 18697. Like *Largan v. Ability*, Crystal "intentionally placed its [LAS optical filters] in a distribution chain flowing from Asia to the United States and Texas;" Crystal "sought out the United States market, evidenced . . . by seeking . . . patent protection there;" Crystal "had a commercial relationship

10

with [Samsung]; and [Crystal] accessed the Texas consumer-electronics market vis-à-vis that relationship." *Id*. at *23.

Crystal's reliance on *Celgard, LLC v. SK Innovation Co.* is inapt. Dkt. 27 at 14 (citing *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1376 (Fed. Cir. 2015)). In *Celgard*, the Korea-based defendant provided components called battery separators to battery manufacturers in Asia, and the batteries were imported into the United States by Apple and Dell. But unlike this case, the plaintiff was "unable to demonstrate that its own separators are present in North Carolina." *Id*. at 1382. Here, Viavi has plausibly pled facts—that Crystal cannot dispute on a motion to dismiss—that its filters were present in the United States, Texas, and this District. *See* Dkt. 24 at ¶¶ 12-16, 28, 30, 31.

Consistent with *Beverly Hills Fan*, this Court has denied motions to dismiss by foreign manufacturers on similar facts. *Aten Int'l*, 261 F.R.D. at 119 (personal jurisdiction found despite Taiwan defendant having no "knowledge of the final destination of any of its products"); *Commonwealth v. Mediatek*, 2013 U.S. Dist. LEXIS 199510, at *15 (finding jurisdiction where defendant sold "chips exclusively to foreign module makers and foreign original equipment manufacturers.")

C. **Exercise of Jurisdiction in the Court is Fair and Reasonable**

The Federal Circuit has explained that it is a "rare situation" where fairness prohibits exercise of personal jurisdiction. *Beverly Hills*, 21 F.3d at 1568. Such a rare situation would be where the "plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Id*. That is not the case here where Crystal has explicitly indicated its intent to capitalize on the United States by working with "U.S. smartphone giants," advertising its focus on market development in the United States, establishing an office in the

11

United States, and seeking United States patent protection. *See, e.g.*, § IV.B. Indeed, "Texas has a significant interest in discouraging . . . patent infringement, that occur[s] within the state." *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*, No. 2:05-cv-185, 2005 U.S. Dist. LEXIS 36211, at *27 (E.D. Tex. Dec. 5, 2005). And given that the Samsung devices including the Crystal Infringing Filters are distributed nationwide, Viavi has a significant interest in litigating in Texas where significant sales of the Samsung devices have surely occurred. *Semcon IP Inc. v. TCT Mobile Int'l Ltd.*, No. 2:18-CV-00194-JRG, 2019 U.S. Dist. LEXIS 110018, at *11-12 (E.D. Tex. July 1, 2019) (finding jurisdiction fair and reasonable despite defendant's argument that "burden to defend itself in Texas is substantial because it is located in Hong Kong.")

### D. Alternatively, This Court Has Personal Jurisdiction Under Rule 4(k)(2)

To the extent the Court finds no personal jurisdiction under the stream of commerce theory in Texas, Crystal would be subject to nation-wide personal jurisdiction, including in this Court, based on Fed. R. Civ. P. 4(k)(2). To exercise personal jurisdiction under Rule 4(k)(2), "[1] the plaintiff's claim must arise under federal law, [2] the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction, and [3] exercise of jurisdiction must comport with due process." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1412 (Fed. Cir. 2009). Here, the first element is met because this is patent infringement action arising under 35 U.S.C. § 1 *et seq*. Dkt. 24 at ¶ 26. The third element is met based on the evidence above demonstrating that Crystal targets the United States market as a whole. *See, e.g.*, § IV.B. Regarding the second element, Crystal contends that they are not subject to jurisdiction "in this District, or anywhere else in the United States." Dkt. 27 at 9.

Judges in this District have found jurisdiction under Rule 4(k)(2) in response to similar arguments from a supplier Defendant. In *Bluestone Innovations Tex., L.L.C. v. Formosa Epitaxy Inc.*, the defendant, also a supplier to Samsung, argued that defendant "does not sell its products

12

directly to Samsung and does not know what Samsung products, if any, include" the accused products and defendant had "no knowledge as to whether . . . [Samsung] ever sold . . . [the accused products] in the United States."  822 F. Supp. 2d 657, 661 (E.D. Tex. 2011).  Despite finding no personal jurisdiction because plaintiff provided no evidence that any accused product was sold in the District or that there was a "regular . . . flow" or "regular course" of sales in the forum, the court nonetheless concluded that it had jurisdiction under Rule 4(k)(2) because that plaintiff made a "*prima facie* showing that [the defendant] delivered its allegedly infringing products into the stream of commerce with the expectation that they would be purchased in the United States."  *Id*. at 664-65.

Here, the Court should reach the same conclusion as *Bluestone* because Viavi has presented ample evidence that that Crystal delivers the Crystal Infringing Filters into the stream of commerce with the expectation that the Samsung mobile devices will be purchased in the United States.

### V. CONCLUSION

For the foregoing reasons, Viavi respectfully requests that the Court deny Crystal's Motion to Dismiss. To the extent this Court disagrees that the record before it is sufficient to establish a *prima facie* case of jurisdiction over Crystal, Viavi respectfully requests that it be permitted to conduct jurisdictional discovery prior to a final determination of the instant Motion.

| | |
|---|---|
| Dated: August 5, 2022 | VENABLE LLP |
| | */s/ Megan S. Woodworth w/permission* |
| By: | *Wesley Hill* |

Megan S. Woodworth – Lead Attorney
MSWoodworth@venable.com
Frank C. Cimino, Jr.
FCCimino@venable.com
Charles J. Monterio, Jr.
CJMonterio@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-4569
Facsimile: (202) 344-8300

William A. Hector
WAHector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3738
Facsimile: (415) 653-3755

Of Counsel:

Wesley Hill
Texas Bar No. 24032294
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

*Attorneys for Viavi Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 5th day of August, 2022.

*/s/ Wesley Hill*
Wesley Hill

14